## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Aaron Johnson Sr.,<br>individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>-v.-<br><br>Rushmore Service Center, LLC<br><br>Defendant. | Case No.: 3:22-cv-250<br><br>**CLASS ACTION COMPLAINT<br>DEMAND FOR JURY TRIAL** |

Plaintiff Aaron Johnson Sr. ("Plaintiff") brings this Class Action Complaint by and through his attorneys, Stein Saks PLLC, against Defendant Rushmore Service Center, LLC ("Rushmore"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## INTRODUCTION/PRELIMINARY STATEMENT

1. The Fair Debt Collection Practices Act ("FDCPA" or "Act") was enacted in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). Congress found that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* It concluded that "existing laws…[we]re inadequate to protect consumers," and that "'the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. The purpose of the Act was not only to eliminate abusive debt collection practices, but also to ensure "that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." Id. § 1692(e). After determining that the existing consumer

1

protection laws were inadequate. *Id.* § 1692(b), the Act gave consumers a private cause of action against debt collectors who fail to comply with it. *Id.* § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq. The Court has pendent jurisdiction over state law claims, if any, in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where the Plaintiff resides as well as a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of Illinois consumers under § 1692 et seq. of Title 15 of the United States Code, also known as the Fair Debt Collections Practices Act ("FDCPA"), and

6. Plaintiff is seeking damages and declaratory relief.

## PARTIES

7. Plaintiff is a resident of the State of Illinois, County of Saint Clair.

8. Defendant Rushmore is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address for service in Illinois c/o Illinois Corporation Service Company, 801 Adlai Stevenson Drive, Springfield, IL, 62703.

9. Upon information and belief, Defendant Rushmore is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

## **CLASS ALLEGATIONS**

10. Plaintiff brings this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

11. The Class consists of:

    a. all individuals with addresses in the State of Illinois;

    b. to whom Defendant Rushmore sent collection letter(s);

    c. attempting to collect a consumer debt;

    d. where Defendant sent at least two initial validation letters for one debt;

    e. that contained different account numbers when identifying that debt;

    f. which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (21) days after the filing of this action.

12. The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

13. Excluded from the Plaintiff Class are the Defendants and all officers, members, partners, managers, directors and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

14. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendant's written communication to consumers, in the forms attached as Exhibit A, violate 15 U.S.C. §§ 1692e, 1692f, and 1692g.

15. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor his attorneys have any interests, which might cause them not to vigorously pursue this action.

16. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

　　a. **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

　　b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominance over any questions or issues involving only individual class members. The principal issue is whether the Defendant's written communication to consumers, in the form attached as Exhibit A, violate 15 U.S.C. §§ 1692e, 1692f, and 1692g.

　　c. **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

　　d. **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. Plaintiff is committed to vigorously litigating this matter.

        Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

    e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

17. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

18. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

19. Plaintiff repeats the above allegations as if set forth here.

20. Some time prior to February 11, 2021, an obligation was allegedly incurred by Plaintiff to non-party creditor First Premier Bank ("First Premier").

21. The obligation arose out of a transaction in which money, property, insurance or services of the subject transactions were incurred for personal purposes, specifically a personal credit card.

22. The alleged First Premier obligation is a "debt" as defined by 15 U.S.C.§ 1692a (5).

23. First Premier is a "creditor" as defined by 15 U.S.C.§ 1692a (4).

24. According to Defendant's letter(s) described below, First Premier referred this account to Rushmore for collection.

25. Rushmore collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

*Violations – Collection Letters*

26. Defendant sent Plaintiff multiple initial collection letters on or about February 11, 2021 ("Feb 11 Letter"), and February 12, 2021 ("February 12 Letter"), (collectively "Letters") regarding the alleged debt owed to First Premier. See Letters attached as Exhibit A.

27. The February 11 Letter states the account number as 6703246.

28. The February 11 Letter ostensibly includes the validation notices required by 15 U.S.C. § 1692g.

29. The February 12 Letter states the account number 6734571.

30. The February 12 Letter ostensibly includes the validation notices required by 15 U.S.C. § 1692g again.

31. The Letters do not explain the change in the account number, and led the Plaintiff to believe these were two distinct debts that he owed.

32. Because of the conflicting account numbers, Plaintiff suspected the Letters may be fraudulent or suspect, on whole or in part.

33. The Letters also each contained a statement of the notices required only in an *initial* communication by 15 U.S.C. § 1692g(a).

34. Among the rights provided by 15 U.S.C. § 1692g(a) is a 30-day period from the consumer's receipt of the initial communication in which the consumer may dispute the debt or request verification.

35. The consumer must dispute the debt within 30 days from their receipt of the initial communication in order for the FDCPA to require the debt collector to obtain and send the consumer verification prior to continuing collection efforts.

36. If the consumer disputes the debt after the 30-day period from the initial communication has expired, the debt collector is not required to send the consumer verification.

37. By stating that the consumer has an additional 30-day period in which she may dispute the debt, which is not accurate per 15 U.S.C. § 1692g(a), the February 12 Letter is misleading or unfairly confuses the Plaintiff as to his rights.

38. Alternatively, by giving Plaintiff another opportunity to dispute the debt in the February 12 Letter, Defendant rendered the February 11 Letter's 1692g(a) statement false, when it stated that the Defendant "will assume this debt is valid" if Plaintiff "did not notify [Defendant] within 30 days" that Plaintiff disputes the validity of the debt.

39. Defendant's actions caused Plaintiff to suspect there was fraud involved with this collection, as it seems on its face the Defendant was seeking to collect the same debt twice.

40. Because of Defendant's improper acts, Plaintiff expended time, money, and effort in determining the proper course of action.

41. In addition, Plaintiff suffered emotional harm due to Defendant's improper acts, as he suffered stress and confusion if he was being scammed.

42. These violations by Defendants were knowing, willful, negligent and/or intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violations.

43. Defendant's collection efforts with respect to this alleged debt from Plaintiff caused Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides Plaintiff with the legally protected right to be not to be misled or treated unfairly with respect to any action for the collection of any consumer debt.

44. Defendant's deceptive, misleading and unfair representations with respect to its collection efforts were material misrepresentations that affected and frustrated Plaintiff's ability to intelligently respond to Defendant's collection efforts because Plaintiff could not adequately respond to Defendant's demand for payment of this debt.

45. Defendant's actions created an appreciable risk to Plaintiff of being unable to properly respond or handle Defendant's debt collection.

46. Plaintiff was confused and misled to his detriment by the conflicting statements in the dunning letters, and relied on the contents of the letter to his detriment.

47. Plaintiff would have pursued a different course of action were it not for Defendant's statutory violations and would have tried to pay the Defendant had he not received the second letter.

48. As a result of Defendant's deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692e *et seq.*

49. Plaintiff repeats the above allegations as if set forth here.

50. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to, 15 U.S.C. § 1692e.

51. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

52. Defendant violated said section as described above by:

   a. Making a false and misleading representation regarding the account number, in violation of §§ 1692e, 1692e (2), 1692e (5), and 1692e (10);

53. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e, *et seq.* of the FDCPA and is entitled to actual damages, statutory damages, costs and attorneys' fees.

**COUNT II**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. §1692f *et seq.***

54. Plaintiff repeats the above allegations as if set forth here.

55. Alternatively, Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to, 15 U.S.C. § 1692f.

56. Pursuant to 15 U.S.C. §1692f, a debt collector may not use any unfair or unconscionable means in connection with the collection of any debt.

57. Defendant violated this section by unfairly collecting the same debt twice.

58. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692f, *et seq.* of the FDCPA and is entitled to actual damages, statutory damages, costs and attorneys' fees.

**COUNT III**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. §1692g *et seq.***

59. Plaintiff repeats the above allegations as if set forth here.

60. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

61. Pursuant to 15 U.S.C. § 1692g an initial communication with a debtor regarding a debt must clearly identify the account number.

62. Defendant violated this section by failing to clearly state the account number.

63. Alternatively, Defendants violated this section by collecting one debt multiple times.

64. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692g et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

65. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Aaron Johnson Sr., individually and on behalf of all others similarly situated, demands judgment from Defendant Rushmore as follows:

i. Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Yaakov Saks, Esq. as Class Counsel;

ii. Awarding Plaintiff and the Class statutory damages;

iii. Awarding Plaintiff and the Class actual damages;

iv. Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

v. Awarding pre-judgment interest and post-judgment interest; and

      vi.    Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: February 11, 2022                                                Respectfully submitted,

*/s/ Yaakov Saks*
By: Yaakov Saks, Esq.
Stein Saks, PLLC
One University Plaza, Suite 620
Hackensack, NJ 07601
(201) 282-6500 ext. 121
Fax: (201) 282-6501
ysaks@SteinSaksLegal.com

*Attorneys for Plaintiff*